UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ESTEBAN ORTIZ,                                  )   NO. CV 16-4449-E
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )   **MEMORANDUM OPINION**
                                                )
NANCY A. BERRYHILL, Acting                      )
Commissioner of Social Security                 )
Administration,                                 )
                                                )
                Defendant.                      )
_____)

**PROCEEDINGS**

        Plaintiff filed a complaint on June 20, 2016, seeking review of
the Commissioner's denial of benefits.  The parties consented to
proceed before a United States Magistrate Judge on August 8, 2016.
Plaintiff filed a motion for summary judgment on December 2, 2016.
Defendant filed a motion for summary judgment on January 25, 2017.
The Court has taken the motions under submission without oral
argument.  See L.R. 7-15; "Order," filed June 23, 2016.

///

///

**BACKGROUND**

Plaintiff, who has not worked since 2000, claims he became disabled on September 12, 2011, because of high blood pressure, diabetes, and pain in his right leg  (Administrative Record ("A.R.") 49-51, 127, 137, 141, 157).  In 2011, Plaintiff fell off a fence and dislocated his right knee (A.R. 40, 43-44, 250-51, 253-58, 276-78). Plaintiff underwent two knee surgeries (see A.R. 281-367, 452-60 (first surgery); A.R. 368-451 (second surgery)).  Plaintiff anticipates he will undergo a third knee surgery at some time in the future (A.R. 40, 43-44, 62-64; see also A.R. 488 (consultative examiner "suspect[ed] that [Plaintiff] is going to need another surgery for stabilization of the right knee joint.  At this point in time, he does not need an assistive device to ambulate, however")). Plaintiff testified that he suffers from pain and other symptoms of allegedly disabling severity (A.R. 42-62).

The Administrative Law Judge ("ALJ") found Plaintiff has severe "status-post right LCL and ACL reconstruction and PCL tear, diabetes mellitus, and hypertension" (A.R. 27).  However, the ALJ also found Plaintiff retains the residual functional capacity to perform a limited range of light work, including work as a parking lot cashier, garment sorter, and merchandise marker (A.R. 28-32 (adopting

///
///
///
///
///

vocational expert testimony at A.R. 66-69)).[1]  The ALJ deemed
Plaintiff's contrary assertions regarding "the extent of his alleged
symptoms and functional restrictions" to be "not entirely credible"
(A.R. 29).  The ALJ therefore found Plaintiff not disabled (A.R. 32).
The Appeals Council denied review (A.R. 3-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the
Administration's decision to determine if: (1) the Administration's
findings are supported by substantial evidence; and (2) the
Administration used correct legal standards.  See Carmickle v.
Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner
of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).
Substantial evidence is "such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  Richardson v.
Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);
see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

---

[1]    The ALJ found that Plaintiff can:

stand/walk 3 hours during an 8-hour day; he can
occasionally climb ramps, but never climb ladders,
ropes, scaffolds, and stairs; he can occasionally
balance, stoop, kneel, crouch, and crawl; he can
occasionally push/pull with the right lower extremity;
he is unable to use the right lower extremity for
operation of foot controls; and he should avoid working
around unprotected heights and uneven terrain

(A.R. 28-30 (adopting a more restricted residual functional
capacity than found by the consulting examiner or the reviewing
state agency physicians at A.R. 80-83, 484-89)).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[2] legal error.  Plaintiff's contrary arguments are unavailing.

I.   **The ALJ Stated Sufficient Reasons for Deeming Plaintiff's Assertions Regarding his Subjective Symptoms and Limitations to Be Not Entirely Credible.**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings.  See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a

///
///
///

_____

[2]   The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

claimant's testimony where there is no evidence of malingering).[3]  An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p (explaining how to assess a claimant's credibility), superseded, Social Security Ruling 16-3p (eff. March 28, 2016).[4]  As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

---

[3]    In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[4]    Social Security Rulings ("SSRs") are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  Plaintiff observes that SSR 16-3p superseded SSR 96-7p.  See Pl.'s Motion, p. 6 n.1 (stating, confusingly, "This party does not contend that the new ruling [Ruling 16-3p] defeated any reliance on the old ruling [Ruling 96-7p].  Social Security Ruling 16-3p applies.").  Defendant responds that Ruling 16-3p assertedly does not apply to the ALJ's decision because that decision predates March 28, 2016.  See Def.'s Motion, p. 4 n.2 (erroneously citing to the ALJ's January 9, 2015 decision as dated November 28, 2014).  The Court need not decide whether Ruling 16-3p applies retroactively, since the appropriate analysis in the present case would be substantially the same under either SSR.  See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (observing that only the Seventh Circuit has issued a published decision applying Ruling 16-3p retroactively, and concluding, like another district court, that Ruling 16-3p "implemented a change in diction rather than substance") (citations omitted).

**A.    Plaintiff Subjective Complaints**

Plaintiff claimed he is light headed and has knee pain throughout the day (A.R. 150 (exertion questionnaire); see also A.R. 46, 49-53, 56 (testimony)).  Plaintiff asserted he needs rest periods or naps every day for an hour (A.R. 152).  Plaintiff testified he wears a knee brace and uses a cane, claimed he has to elevate his leg and cannot stand for too long, and claimed his diabetes is uncontrolled and leaves him feeling drowsy, fatigued, dizzy, and needing to lie down (A.R. 44-47, 52-59).[5]  Plaintiff reportedly is taking Tramadol, Tylenol and another medication for his knee pain but he claimed the medication "does not affect [sic]" (A.R. 49, 52).  Plaintiff said he probably could lift up to 15 pounds, claimed he would need to lie down for 45 minutes twice a day due to dizziness, and further claimed he would need to elevate his right leg to waist level for 30 minutes three times a day (A.R. 57-60).

**B.    The ALJ's Reasoning**

The ALJ found that Plaintiff's impairments "can reasonably be expected to cause some significant functional limitations" (A.R. 29).  However, the ALJ found Plaintiff's assertions "not entirely credible" and stated that "the record does not support imposition of work restrictions beyond those set forth in the above residual functional capacity" (A.R. 29).  As the specific reasons for this credibility determination, the ALJ stated, inter alia: (1) "it does not appear

---

[5]    Plaintiff's blood pressure admittedly is controlled with medication (A.R. 46-47).

that [Plaintiff] has had much treatment" following his knee surgery (e.g., there was a "six month gap in treatment" despite a referral for physical therapy (see A.R. 501 (physical therapy referral dated December 17, 2012); A.R. 500 (June 2013 physical therapy appointment after Plaintiff was "re-referred")), and Plaintiff had only undergone three months of physical therapy for his knee since his surgeries (see A.R. 502 (treatment note)); (2) Plaintiff reported no pain in the right knee in December of 2012 (A.R. 502); (3) Plaintiff assertedly could ambulate without a hinged knee brace in June of 2013;[6] (4) for Plaintiff's pain complaints, Plaintiff was given Naproxen in June of 2013 (A.R. 500); (5) Plaintiff complained of back pain in April of 2013, but an examination of his back produced no significant findings (A.R. 485-89); and (6) available medical records did not substantiate Plaintiff's assertion that his diabetes has worsened (see A.R. 513-57, 558-65) (A.R. 29-30).

---

[6]    It appears that the ALJ misread the medical symbol in treatment note from June of 2013.  The note reads, "Pt. Ambulates ["c" with a bar over it] hinge knee brace" (A.R. 500).  A "c" with a bar over it means "with," whereas an "s" means "without." See Cordrey v. Corizon, 2016 WL 7404727, at *2 n.2 (N.D. Fla. Nov. 22, 2016), adopted, 2016 WL 7404707 (N.D. Fla. Dec. 21, 2016) (doctor used an "accepted abbreviation for 'with', namely a 'c' with a bar over it"); accord Martin v. Alameida, 2007 WL 2344889, at *3 n.4 (E.D. Cal. Aug. 14, 2007), adopted, 2007 WL 2669478 (E.D. Cal. Sept. 7, 2007), affirmed, 315 Fed. App'x 644 (9th Cir.), cert. denied, 588 U.S. 848 (2009); see also Taber's Cyclopedic Medical Dictionary, "Medical Abbreviations" (23rd ed. 2017), available online at http://www.tabers.com/tabersonline/view/Tabers-Dictionary/767492/all/Medical Abbreviations (last visited Feb. 17, 2017) ("c" is "with"; "s" is "without"). However, because the ALJ's remaining stated reasons for discounting Plaintiff's credibility are legally sufficient, the misreading underlying stated reason 3 was harmless.  See Carmickle v. Commissioner, 533 F.3d at 1163 (the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain).

C. **Analysis**

As discussed below, the ALJ's stated reasons 1, 2, 4, 5 and 6 sufficiently support the ALJ's adverse credibility determination.

As to reason 1, an ALJ properly may discount a claimant's assertions of disabling symptoms based on evidence of minimal medical treatment or an unexplained or inadequately explained failure to follow prescribed treatment.  See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995); accord Fair v. Bowen, 885 F.2d 597, 603-604 (9th Cir. 1989).

As to reason 2, an ALJ properly may discount a claimant's credibility based on inconsistent statements by the claimant.  See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012); Burch v. Barnhart, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering . . . inconsistencies in claimant's testimony."); see also Batson v. Commissioner, 359 F.3d at 1196 (where ALJ considered claimant's testimony to be contradictory and unsupported by either the objective medical evidence or any persuasive reports of his doctors, the district court did not err in affirming the ALJ's adverse credibility finding) (citing Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("To find the claimant not credible the ALJ [may] rely . . . on internal contradictions in that testimony.")). Here, Plaintiff claimed daily knee pain, yet reported no knee pain when he presented for treatment in December of 2012 (A.R. 502).

1    As to reason 4, a conservative course of treatment also properly
2    may undermine assertions of disabling symptoms.  See Tommasetti v.
3    Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Johnson v. Shalala, 60
4    F.3d at 1434 (conservative treatment can suggest a lower level of both
5    pain and functional limitation, justifying adverse credibility
6    determination);  see also Gutierrez v. Commissioner of Social Sec.
7    Admin., 2014 WL 1225118, at *5 (D. Or. Mar. 24, 2014), aff'd, 2016 WL
8    7187397 (9th Cir. Dec. 12, 2016) (clear and convincing reasons to
9    discount claimant's credibility included conservative treatment
10   involving physical therapy, weight loss, Ibuprofen, and Naproxen);
11   Huber v. Apfel, 2000 WL 284284, at *3 n.10 (S.D. Ala. Mar. 3, 2004)
12   (Naproxen is not primarily an analgesic); Ruiz v. Apfel, 24 F. Supp.
13   2d 1045, 1049 (C.D. Cal. 1998) (Naproxen a non-narcotic medication
14   indicated for the relief of "mild-to-moderate pain").

15

16   Finally, as to reasons 5 and 6, while a lack of objective medical
17   evidence to corroborate the claimed severity of alleged symptomatology
18   cannot form the "sole" basis for discounting a claimant's credibility,
19   the objective medical evidence is still a relevant factor.  See Burch
20   v. Barnhart, 400 F.3d at 680; Rollins v. Massanari, 261 F.3d 853, 857
21   (9th Cir. 2001).
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1    Thus, in refusing to accept entirely the credibility of

2    Plaintiff's claimed subjective limitations,[7] the ALJ stated sufficient

3    valid reasons to allow the Court to conclude that the ALJ discounted

4    Plaintiff's credibility on permissible grounds.  See Moisa v.

5    Barnhart, 367 F.3d at 885.  The Court therefore defers to the ALJ's

6    credibility determination.  See Lasich v. Astrue, 252 Fed. App'x 823,

7    825 (9th Cir. 2007) (court will defer to Administration's credibility

8    determination when the proper process is used and proper reasons for

9    the decision are provided); accord Flaten v. Secretary of Health &

10   Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[8]

11   ///

12   ///

13   ///

14   _____

15   [7]    The ALJ accepted Plaintiff's subjective claimed
     limitations to a greater degree than did several of the
16   physicians of record.  The ALJ gave Plaintiff the "benefit of the
     doubt" in crediting Plaintiff's allegations regarding his
17   diabetes-related symptoms "as factors affecting his residual
     functional capacity" (A.R. 30).  The ALJ adopted postural and
18   environmental limitations not found in any medical source
     statement (i.e., limiting Plaintiff to: (1) standing and walking
19   no more than three hours in an 8-hour day; (2) never climbing
     ladders, ropes, scaffolds, and stairs; (3) no use of the right
20   lower extremity for operation of foot controls; and (4) avoid
     working around unprotected heights and uneven terrain).  See A.R.
21   28, 30; compare A.R. 80-83 (state agency physician residual
     functional capacity assessment); A.R. 484-89 (consultative
22   examiner's Internal Medicine Evaluation); see also Matthews v.
     Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the
23   Administration's decision, the Court emphasized: "None of the
     doctors who examined [claimant] expressed the opinion that he was
24   totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130
     n.1 (9th Cir. 1990).
25

26   [8]    The Court does not determine herein whether Plaintiff's
     assertions regarding his subjective symptoms and limitations are
27   credible.  It is for the Administration, and not this Court, to
     evaluate the credibility of witnesses.  See Magallanes v. Bowen,
28   881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[9] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 21, 2017.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[9]     The Court has considered and rejected each of Plaintiff's arguments.  Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).